## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL               'O'

| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 25, 2015 |
|---|---|---|---|
| Title | JOSEPHINA GALINDO V. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                Not Present

**Proceedings:**     (IN CHAMBERS) - MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6) (filed July 2, 2015, dkt. 11)

MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6) AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT PURSUANT TO CAL. CODE CIV. PRO. § 425.16. (filed July 15, 2015, dkt. 15)

### I.     INTRODUCTION

On May 13, 2015, *pro se* plaintiff Josephina Galindo filed this action against defendants Select Portfolio Services, Inc. ("SPS"); National Default Servicing Corp. ("NDS"); Randall Naiman ("Naiman"), an attorney; and U.S. Bank, N.A., Successor Trustee to LaSalle Bank National Association, on behalf of Bear Stearns Asset Backed Securities I Trust 2007-HE7, Asset-Backed Certificates Series 2007-HE7 ("Trustee"); and Does 1-50, inclusive.  Plaintiff's complaint appears to assert claims for (1) various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.; (2) "failure to satisfy a condition precedent"; (3) violation of the Rosenthal Fair Debt Collection Act ("Rosenthal Act"), Cal. Civil Code § 1788, et seq.; and (4) declaratory relief and/or wrongful foreclosure.

On July 2, 2015, defendants SPS, NDS, and Trustee filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 25, 2015 |
|---|---|---|---|
| Title | JOSEPHINA GALINDO V. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

request for judicial notice.[1]  Dkt. 11-12.  On July 15, 2015, defendant Naiman also filed a 12(b)(6) motion to dismiss plaintiff's complaint, a request for judicial notice, as well as a motion to strike certain of plaintiff's claims pursuant to California's Anti-Strategic Lawsuits Against Public Participation ("Anti-SLAPP") statute, Cal. Code Civ. Pro. § 425.16.  Dkt. 15.  Pursuant to a court scheduling order, plaintiff timely filed her opposition on August 31, 2015, dkts. 27-28.  However, defendants aver that they did not receive notice of the opposition, see dkts. 26, 29, and therefore filed their replies on September 8, 2015, dkts. 29-30, only after plaintiff's manually-filed opposition was posted to the Court's electronic docket.  On September 21, 2015, the Court provided the

_____

[1]  Defendants SPS, NDS, and Trustee filed a request for judicial notice of the Deed of Trust, dated July 6, 2007, and recorded in the Official Records of the County of Los Angeles as document number 20071755925 on July 25, 2007.  Plaintiff avers in an "affidavit," filed concurrently with her opposition to the instant motions, that she "has no knowledge that [she] received a loan from anybody including whose [sic] name is on the document DEED OF TRUST (DOT) that [defendants] purport to be their evidence of [her] debt."  Dkt. 28.  Unless the Court converts defendants' Rule 12(b)(6) motion into a motion for summary judgment, it cannot consider material outside of the complaint, such as plaintiff's affidavit.  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998).  Regardless, plaintiff's complaint refers extensively to the Deed of Trust with lender Encore Credit, and thus incorporates this document by reference.  Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).  Because the Deed of Trust is incorporated by reference in the pleading, the court need not affirmatively take judicial notice of the document.  Branch, 14 F.3d at 454.  However, courts routinely take judicial notice of these types of documents.  See, e.g., Liebelt v. Quality Loan Serv. Corp., 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb.24, 2011); Reynolds v. Applegate, 2011 WL 560757, at *1 n.2 (N.D. Cal. Feb.14, 2011); Giordano v. Wachovia Mortg., 2010 WL 5148428, at *1 n.2 (N.D. Cal. Dec. 14, 2011).  Accordingly, the Court grants defendants' request for judicial notice because the Deed of Trust is in the public record and is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 25, 2015 |
|---|---|---|---|
| Title | JOSEPHINA GALINDO V. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

parties with a tentative order, held oral argument, and requested that defendants
supplement their request for judicial notice by including a Notice of Default.  Dkt. 33.
Defendants SPS, NDS, and Trustee filed their supplement on September 25, 2015.[2]
Having carefully considered the parties' arguments, the Court finds and concludes as
follows.

## II.     BACKGROUND

While plaintiff devotes much of her complaint to alleged violations of the FDCPA
and Rosenthal Act, the gravamen of the complaint is that defendants conducted an
unlawful foreclosure sale of her home, located at 7459 Jamieson Avenue, Reseda, CA
913335 (the "Property").  Specifically, plaintiff avers that (1) any alleged loan she might
have had with respect to the Property "has been charged off/paid off," and that (2) the
foreclosure sale of the Property, which took place on September 16, 2014, occurred
without her having ever received an "Acceleration Notice," which plaintiff contends was
a requirement of the Deed of Trust.  Compl. ¶¶ 18, 40.

---

[2] The Court grants defendants SPS, NDS, and Trustee's supplemental request for
judicial notice, dkt. 30, as well as defendant Naiman's request for judicial notice, dkt. 15-
2.  Specifically, the Court takes judicial notice of (1) a "Notice of Default and Election to
Sell Under Deed of Trust" (NDSC File No. 10-31837-EM-CA and Title Order No.
100375736), recorded in the Office of the County on Jun 28, 2010 as document number
20100880718; and (2) the Summons and Unlawful Detainer Complaint filed in *U.S.
Bank, N.A. v. Josefina Galindo*, Los Angeles Superior Court Case No. 15R00018, which
includes, *inter alia*, a time- and date-stamped "Trustee's Deed Upon Sale" (NDSC File
No. 10-31837-EM-CA and Title Order No. 100375736), filed in the Office of the County
on June 28, 2010.  For reasons explained *supra* at n.1, the Court grants defendants'
request because these documents are in the public record and are "capable of accurate and
ready determination by resort to sources whose accuracy cannot reasonably be
questioned."  Fed. R. Evid. 201(b).  However, the Court does not accept the documents
for the truth of the matters asserted therein.  See  Lee v. City of Los Angeles, 250 F.3d
668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 25, 2015 |
|---|---|---|---|
| Title | JOSEPHINA GALINDO V. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

Plaintiff appears to have signed the operative Deed of Trust on or about July 6, 2007, pledging the Property as security for payment of a $384,000 loan ("the Encore Loan") from an entity called "Encore Credit." See Defs.' SDS, et al.'s Request for Judicial Notice, Ex. 1, at 4, 6, 24 (Deed of Trust). Although it is unclear from the face of the Deed of Trust, plaintiff alleges in her complaint that Chase Bank was the original servicer of the Encore Loan. Compl. ¶ 18; see also Mot. Dismiss at 2. A Notice of Default, recorded in the Office of the County on Jun 28, 2010, states that as of June 25, 2010, plaintiff was $72,346.29 behind in payments on the Property. See Defs.' SDS, et al.'s Request for Judicial Notice, Ex. 2 (Notice of Default).

Plaintiff insists that the alleged loan with Encore Credit "has been charged off/paid off, as evidenced by" what plaintiff calls "a Verification of Mortgage from Chase Bank, the original loan Servicer, showing 'Principal Balance - $0.00'" Id. ¶ 18 (citing to Exhibit C ("Chase Bank Mortgage Verification")). The Chase Bank Mortgage Verification document, as attached to plaintiff's complaint, indicates that on June 1, 2013, the outstanding principal amount on the loan was $383,043.50. Compl. Ex. 3. On this date, there also appears to be a "fee" of $19,709.94, followed by a "SERVICING TRANSFER" of $402,753.44—the outstanding principal plus the additional fee amount. Following this servicing transfer, subsequent line items appear to indicate that the outstanding principal balance is $0.00. Id. In citing to the Chase Bank Mortgage Verification, plaintiff alleges that SPS "purchased the bad debt account from Chase Bank for $19,709.94 on June 1, 2013." Id. ¶¶ 19, 31. Plaintiff further alleges that at one point, presumably after June 1, 2013, defendant SPS provided plaintiff with documents indicating an "alleged debt" owed to "Encore Trust," presumably in reference to the $384,000 Encore Loan that is the subject of the Deed of Trust. Id. ¶ 16-17.

Plaintiff further avers that on September 16, 2014, "defendants collected an alleged debt by conducting a Trustee Sale on Plaintiff's real property." Id. ¶ 12. According to a "Trustee's Deed Upon Sale" in the public record, the "amount of unpaid debt" on the Property was $621,155.26 at the time of sale. Def. Naiman's Request for Judicial Notice, at 22-23 (Notice of Default). Defendant Trustee appears to have purchased the Property at the foreclosure sale for $375,250.39. Id. However, plaintiff states in her complaint that defendants "failed to perform certain actions *prior* to enforcing an alleged right to effect [*sic*] dispossession or disablement of Plaintiff's property." Compl. ¶ 40. Specifically, plaintiff alleges that she never "received an Acceleration Notice, which was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 25, 2015 |
|---|---|---|---|
| Title | JOSEPHINA GALINDO V. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

a condition precedent in the Deed of Trust."  Compl. ¶ 40 (citing paragraph 22 of the Deed of Trust).

On or about October 20, 2014, a little over a month after the allegedly improper trustee sale, plaintiff states that she "served upon defendants a Notice of Dispute (NOD) pursuant to [sections 1692g(a)(1)(2) of the FDCPA and 1788.1 of the Rosenthal Act]." Id. ¶ 13.  According to plaintiff, the notice "required the defendants to verify/validate an alleged debt Defendants had previously collected."  Id.  Attached as Exhibit A to the complaint is what appears to be a copy of plaintiff's October 20, 2014 "Notice of Dispute Letter."  See Compl. Ex. A.  Plaintiff avers that as of the filing of the instant action, defendants have not yet responded to plaintiff's October 2014 "notice of dispute." Compl. ¶ 13.  Plaintiff asserts that because defendant SPS "received a transfer or assignment of the alleged debt while the debt was in default," SPS must be considered a "debt collector" and not a "creditor" under the FDCPA.  Id. ¶ 20.  Similarly, plaintiff avers that defendant Trustee has misrepresented itself as a creditor when it is more appropriately fashioned as a "debt collector."  Id. ¶ 21.

Plaintiff maintains she is "entitled to trial and discovery to determine if defendants were entitled to any payment at all," and that defendants "must prove to the penny how much Plaintiff allegedly owes." Id. ¶ 21-22.  Specifically, plaintiff asserts claims for (1) violation of FDCPA sections 1692g(a), 1692d, 1692j, 1692f, 1692e(8), and 1692i; (2) "failure to satisfy a condition precedent"; (3) violation of section 1788.1 of the California Rosenthal Act; and, potentially, (4) declaratory relief and/or unlawful foreclosure.

## III.   LEGAL STANDARD

### A.     Motion to Dismiss

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a  cognizable legal theory.' "  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Polic Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 25, 2015 |
|---|---|---|---|
| Title | JOSEPHINA GALINDO V. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 25, 2015 |
|---|---|---|---|
| Title | JOSEPHINA GALINDO V. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.    DISCUSSION

### A.    Plaintiff's Claims for "Failure to Satisfy a Condition Precedent" and Request for Declaratory Relief

Plaintiff alleges that defendants "failed to perform certain actions *prior* to enforcing an alleged right to effect dispossession or disablement of Plaintiff's property." Compl. ¶ 40 (emphasis in original). More specifically, plaintiff alleges that defendants could not legally foreclose on her property when they did because she never received an "Acceleration Notice," which she maintains was a "condition precedent" under paragraph 22 of the Deed of Trust. Id. (outlining claim 2 for "failure to satisfy a condition precedent"). In addition, plaintiff's prayer for relief includes a request that the court "declare ('declaratory relief') that defendants did not acquire any interest in the alleged debt and/or real property." Id. at page 9 (Prayer ¶ 1).

Although plaintiff does not expressly assert a claim for declaratory relief, to the extent to which plaintiff is attempting to set aside the sale of the Property on account of irregularities in the sale, including defendants' alleged failure to satisfy a condition precedent of the Deed of Trust, the Court construes plaintiff's claim for "failure to satisfy a condition precedent" and related request for declaratory relief as an action in equity for wrongful foreclosure. See Lona v. Citibank, N.A., 202 Cal.App. 4th 89, 103 (2011) ("After a nonjudicial foreclosure sale has been completed, the traditional method by which the sale is challenged is a suit in equity to set aside the trustee's sale."). See also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("[W]e continue to construe *pro se* filings liberally when evaluating them under Iqbal."). Under California law, "[t]he elements of an equitable cause of action to set aside a foreclosure sale are as follows: (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 104 (2011) (collecting cases). Accord In re

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**           'O'

| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 25, 2015 |
|---|---|---|---|
| Title | JOSEPHINA GALINDO V. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

Mortgage Elec. Registration Sys., Inc., 754 F.3d 772, 784 (9th Cir. 2014). As explained below, the Court concludes that plaintiff has failed to state a claim in equity to set aside the trustee's sale.

In their motion to dismiss, defendants SPS, NDS, and Trustee contend that plaintiff has failed to allege the third of the above three elements—*i.e.*, tender of the full amount due on the loan. Indeed, these defendants go a step further in asserting that it "is undisputed that [p]laintiff ***has not made*** a full tender of the amounts due on her Loan." Mot. Dismiss at 7, 8 (emphasis in original). "[U]nder California law, '[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.'" Agbabiaka v. HSBC Bank USA Nat. Association, 2010 WL 1609974, *6 (N.D. Cal. Apr. 20, 2010) (quoting Karlsen v. American Savings and Loan Assoc., 15 Cal.App.3d 112, 117-18 (1971)); see also Lester v. J.P. Morgan Chase Bank, 926 F.Supp.2d 1081, 1092 (N.D. Cal.2013) ("Generally, the 'tender rule' applies to claims to set aside a trustee's sale for procedural irregularities or alleged deficiencies in the sale notice"). "The rationale behind the rule is that if [the borrower] could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the [borrower]." Lona, 202 Cal. App. 4th at 112. Accordingly, the tender rule prevents "a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property." Williams v. Countrywide Home Loans, 1999 WL 740375, *2 (N.D. Cal. Sept.15, 1999).

Here, plaintiff has failed to sufficiently plead that she has tendered the amount of her indebtedness, as required for her to maintain a claim. Stebley v. Litton Loan Servicing, LLP, 202 Cal. App. 4th 522, 526 (2011) ("A full tender must be *made* to set aside a foreclosure sale, based on equitable principles."); see also Hernandez v. Select Portfolio, Inc., 2015 WL 3914741, at *11 (C.D. Cal. June 25, 2015) ("Allegations concerning tender must go beyond mere conclusory assertions that plaintiff has offered to tender the amount of his or her indebtedness.").

Plaintiff pleads that the alleged loan with Encore Credit "has been charged off/paid off," citing to what plaintiff calls a "a Verification of Mortgage from Chase Bank, the original loan Servicer, showing 'Principal Balance - $0.0'" Compl. ¶ 18 (citing to Exhibit C (Purported printout from Chase Bank website)). However, the Chase Bank

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 25, 2015 |
|---|---|---|---|
| Title | JOSEPHINA GALINDO V. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

Mortgage Verification document, as attached to plaintiff's complaint, indicates that on June 1, 2013, the outstanding principal amount on the loan was $383,043.50. Compl. Ex. 3. On this date, there simply appears to have been a "SERVICING TRANSFER" of $402,753.44—the outstanding principal balance plus a "fee" of $19,709.94—such that Chase Bank would no longer be servicing the loan. This transfer is what plaintiff appears to be referencing when she states that defendant SPS "purchased the bad debt account from Chase Bank for $19,709.94 on June 1, 2013." Id. ¶¶ 19, 31. Thus, plaintiff's allegations in the complaint and the supporting documents attached thereto seem only to indicate that the full loan was *transferred* to a different loan servicer, and not "paid off" by plaintiff.

Furthermore, plaintiff's allegations with respect to tender also appear to be self-contradictory. For example, plaintiff asserts that her "alleged loan with Encore Credit has been charged off/paid off," but simultaneously suggests that she did not take out the loan at all. Compl. ¶ 16, 18 (stating that plaintiff "is without sufficient information and evidence[] which demonstrates and/or supports" a "Deed of Trust and Note in favor of alleged Lender Encore Credit in the amount fo $384,000"). Similarly, plaintiff asserts that defendant SPS "purchased the bad debt account from Chase Bank for $19,709.94 on June 1, 2013," id. ¶¶ 19, 31, while also alleging that the underlying loan from Encore Credit had in fact "been charged off/paid off." Id. ¶ 18.

Accordingly, because plaintiff has failed adequately to allege tender in her complaint, her claim in equity to set aside a foreclosure sale must be **DISMISSED** without prejudice.

### B.     Plaintiff's FDCPA Claims

Plaintiff asserts claims for (1) violations of FDCPA sections 1692d, 1692j, 1692f, 1692e(8), and 1692i, for foreclosing on the underlying property when the debt allegedly been paid off; and (2) for violations of FDCPA sections 1692g(a)(1) and (2) for failing to respond to the a "notice of dispute" letter requesting validation of the debt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            **'O'**

| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 25, 2015 |
|---|---|---|---|
| Title | JOSEPHINA GALINDO V. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

1.    **Alleged Violation of FDCPA for Foreclosing When Debt had Allegedly Been Paid**

Plaintiff asserts claims for violations of FDCPA sections 1692d, 1692j, 1692f, 1692e(8), and 1692i, for foreclosing on the underlying property when the debt had allegedly been paid off.  The FDCPA proscribes a wide range of conduct related to debt collection.  In order to state a claim for relief under the FDCPA, a plaintiff must show that (1) he or she is a "consumer," (2) the defendant is a "debt collector," and (3) the defendant has acted or failed to act in violation of the FDCPA.  Robinson v. Managed Accounts Receivables Corp., 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009).  The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt," 15 U.S.C. § 1692a(3), and further defines "debt collector" as a person who "uses any instrumentality of interstate commerce . . . in any business the principal purpose of which is the collection of any debts," id. § 1692a(6).

Plaintiff alleges that defendants are all debt collectors under section 1692a(6) of the FDCPA, Compl. ¶¶ 5-8, and that on September 16, 2014, "defendants collected an alleged debt by conducting a Trustee Sale on Plaintiff's real property."  Id. ¶ 12.  However, as defendants SPS, NDS, and Trustee argue, neither the foreclosure sale of a property, nor post-foreclosure initiation of an unlawful detainer action, constitute the collection of a debt within the meaning of the FDCPA.  More specifically, "[t]he law is well-settled . . . that creditors, *mortgagors*, and *mortgage servicing companies* are not debt collectors and are statutorily exempt from liability under the FDCPA."  Helper v. Washington Mut. Bank, F.A., 2009 WL 1045470 at *4 (C.D. Cal. April 17, 2009), citing Scott v. Wells Fargo Home Mortg., 326 F.Supp.2d 709, 718 (E.D.Va. 2003) (internal citation marks omitted) (emphasis in original)); see also Garfinkle v. JPMorgan Chase Bank, 2011 WL 3157157, at *3 (N.D. Cal. July 26, 2011) ("District courts in the Ninth Circuit have generally concluded that foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the Rosenthal Fair Debt Collection Practices Act or the FDCPA."); Hidalgo v. Aurora Loan Servs. LLC, 2013 WL 4647550, at *4 (S.D. Cal. Aug. 29, 2013) ("[A]n unlawful detainer action . . . after foreclosure does not qualify as the collection of a debt within the meaning of the FDCPA."); Hulse v. Ocwen Fed. Bank, FSB, 195 F.Supp.2d 1188, 1204 (D. Or. 2002) ("[F]oreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 25, 2015 |
|----------|--------------------------|------|--------------------|
| Title | JOSEPHINA GALINDO V. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

the FDCPA. Accordingly, any actions taken . . . in pursuit of the actual foreclosure may not be challenged as FDCPA violations.")

Still, plaintiff maintains that defendant SPS must be liable as a "debt collector" and not exempt as a "creditor" under the FDCPA because it "received a transfer or assignment of the alleged debt *while the debt was in default*." Compl. ¶¶ 19-20 (emphasis added). "Although Plaintiff's claim has some initial appeal, analysis of the FDCPA shows that despite the post-default debt transfer, neither [the] Trustee nor [Mortgage] Servicer was a debt collector." Morgan v. U.S. Bank Nat. Ass'n., No. C 12-03827 CRB, 2012 WL 6096590, at *6 (N.D. Cal. Dec. 7, 2012). The FDCPA's definition of "debt collector" does contain an exclusion for "any person collecting or attempting to collect any debt owed or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which *was not in default* at the time it was obtained." 15 U.S.C. § 1692(a)(6)(F) (emphasis added). Additionally, under the FDCPA, an exempt "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed, *but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.*" 15 U.S.C. § 1692a(4) (emphasis added). Thus, one who *does* "receive[] an assignment or transfer of a debt in default *solely* for the purpose of facilitating collection of such debt *for another*" cannot claim to be excluded from the requirements of the FDCPA on account of being a "creditor" (and not a "debt collector"). Id. (emphasis added). Accordingly, plaintiff appears to be arguing that defendants (or at least defendant SPS) do not fall under the relevant FDCPA exclusion because they "received a transfer or assignment of the alleged debt while the debt was in default" and the relevant FDCPA exclusion does not apply to one who "**receives an assignment or transfer of a debt in default** solely for the purpose of facilitating collection of such debt for another." Compl. ¶ 20 (emphasis in original).

Plaintiff's claim fails, however, because plaintiff's own allegations appear to contradict the assertion that defendants were "debt collectors" facilitating collection of debt for another, and not debt servicers foreclosing on a property for their own interest. It appears from the face of the complaint that Chase Bank was the original servicer of the mortgage, and that SPS—a mortgage servicing company—purchased the "bad debt account" from Chase on June 1, 2013. Id. ¶ 19. Furthermore, it appears that SPS and some subset of the other defendants conducted the foreclosure sale of the Property on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            'O'

| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 25, 2015 |
|---|---|---|---|
| Title | JOSEPHINA GALINDO V. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

September 16, 2014.  Id. ¶ 2, 12.  Crucially, "collecting debt [for oneself and] not for another, *whether or not the debt assigned is in default*, makes one a creditor, not a debt collector.  This is in keeping with the legislative history of the FDCPA, which highlights Congress's intent to police the coercive, unrestrained activities of *third party debt collectors* as distinct from debt servicers."  Morgan, 2012 WL 6096590, at *6 (first emphasis in original) (citing McKinney v. Cadleway, 548 F.3d 496, 501 (7th Cir. 2008)).  Accordingly, even if any of defendants purchased the underlying mortgage after it was in default, this does not mean they qualify as "debt collectors" under the FDCPA.  Therefore, plaintiff has failed to meet the threshold requirements of establishing FDCPA applicability—i.e., pleading facts sufficient to demonstrate that any of the defendants were "debt collectors" and not exempt as, for example, creditors, mortgagers, or mortgage servicers.

Whether SPS purchased the Deed of Trust before or after plaintiff was allegedly in default has no bearing on whether the relevant underlying event from which plaintiff's claim arises—the September 14, 2014 foreclosure sale of the Property—can constitute debt collection under the FDCPA.  The Court finds that because plaintiff has failed to allege that any of defendants SPS, NDS, or Trustee is a "debt collector," defendants' motion to dismiss plaintiff's  FDCPA claims (sections 1692d, 1692j, 1692f, 1692e(8), and 1692i) and any corollary Rosenthal Act claims must be **GRANTED** without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                ‘O’

| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 25, 2015 |
|---|---|---|---|
| Title | JOSEPHINA GALINDO V. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

2.      **Alleged Violation of 1692g(a)(1) and (a)(2) for Failure to Respond to the Letter Requesting Validation of the Debt**[3]

Plaintiff also alleges that on September 16, 2014, "defendants collected an alleged debt by conducting a Trustee Sale on Plaintiff's real property." Compl. ¶ 12. Plaintiff states that on or about October 20, 2014, a little over one month after the foreclosure sale, she "served upon defendants a Notice of Dispute (NOD) pursuant to [section 1692g(a)(1)-(2) of the FDCPA and section 1788.1 of the Rosenthal Act]." Compl. ¶ 13. Plaintiff claims that this notice "required the defendants to verify/validate an alleged debt Defendants had previously collected," and that as of the filing of the instant complaint, defendants have failed to respond to the notice of dispute which, plaintiff contends, amounts to a violation of section 1692g. Id.

Section 1692g requires all debt collectors to provide debtors with a written "Validation of Debt Notice" within five days after the initial communication with a

---

[3] Plaintiff avers that defendants' alleged failure to respond to the letter requesting validation of the debt was also a violation of California's Rosenthal Act. Compl. ¶ 13. The Rosenthal Act "is California's version of the FDCPA; it 'either mimics the relevant provisions of the FDCPA or incorporates them by reference.'" Murphy v. Bronson, Cawley, & Bergmann, LLP, 2011 WL 2413447 (S.D. Cal. June 13, 2011) (quoting Riggs v. Prober & Raphael, 2010 WL 3238969, at *3 (N.D. Cal. August 16, 2010)). "[L]ike its federal counterpart, [the Rosenthal Act] is designed to protect consumers from unfair and abusive debt collection practices." Robinson v. Managed Accounts Receivable Corp., 654 F.Supp.2d 1051, 1060 (C.D.Cal.2009) (citing Cal. Civ. Code § 1788.1). Among other provisions, the Rosenthal Act incorporates the provisions of the FDCPA. As a result, a violation of the FDCPA is a violation of the Rosenthal Act. See, e.g., Hosseinzadeh v. M.R.S. Assoc., 387 F.Supp.2d 1104, 1118 (C.D. Cal. 2005); Abels v. JBC Legal Group, P.C., 227 F.R.D. 541, 548 (N.D. Cal. 2005). To the extent to which plaintiff is alleging that defendants' conduct violates those provisions of the Rosenthal Act that mimic or incorporate sections 1692g(a)(1) and (a)(2) of the FDCPA, these claims are dismissed, in accordance with the discussion, infra, regarding why these claims fail under the FDCPA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 25, 2015 |
|---|---|---|---|
| Title | JOSEPHINA GALINDO V. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

consumer.  See 15 U.S.C. § 1692g.  Based upon the facts as pleaded in the complaint, section 1692g of the FDCPA appears not to apply in this instance.  First, as explained above, the facts as pleaded do not demonstrate that defendants SPS, NDS, and Trustee are "debt collectors" under the relevant provisions of the FDCPA.  Accordingly, the requirements of section 1692g do not apply.  See supra.  Second, even if these defendants are considered "debt collectors" under the FDCPA, such that they would have been bound by the requirements of section 1692g, plaintiff has failed to plead facts supporting the applicability of this provision.  As defendants SPS, NDS, and Trustee note, plaintiff "makes no mention of any initiation communication or any communication whatsoever from SPS or [other] Defendants," and further fails to allege that she "sent her letter within thirty days of any communication from SPS that would be subject to section 1692g." Mot. Dismiss at 5.  Instead, plaintiff alleges that the foreclosure sale had already occurred by the time she sent her letter, and that she did not send her letter until October 20, 2014, over thirty days after the sale occurred.  See Compl. ¶¶ 12-13.

Accordingly, the Court **GRANTS** without prejudice defendants SPS, NDS, and Trustee's motion as to plaintiff's claims under Section 1692g of the FDCPA, as well as any corollary claims under the Rosenthal Act.

### C.     Plaintiff's Claims Against Defendant Naiman

In his own separately-filed motion to dismiss and strike portions of the complaint, Defendant Naiman argues that plaintiff fails to state a claim as to Naiman because he is not a "debt collector" under either the FDCPA or the Rosenthal Act.  Naiman further argues that plaintiff's claims for violation of the Rosenthal Act are (1) barred as a matter of law by California Civil Code section 47(b) regarding litigation privilege, and (2) properly stricken under California's Anti-SLAPP statute because plaintiff's allegations arise from defendant's protected litigation conduct taken in connection with his representation of his client in an unlawful detainer action.

Plaintiff pleads very few facts in the complaint itself with respect to any alleged conduct by Naiman.  Aside from the complaint's description of Naiman as "a licensed attorney who routinely acts as a debt collection attorney and claims to be appointed as a foreclosure attorney for U.S. Bank," the complaint's only other references to Naiman conclusorily state that he is a "debt collector" under the FDCPA and "purports to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                    'O'

| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 25, 2015 |
|---|---|---|---|
| Title | JOSEPHINA GALINDO V. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

collecting for another entity, U.S. Bank, N.A."  Compl. ¶ 7, 26, 33.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.  Here, it is unclear from the face of the complaint what specific role, if any, Naiman played with respect to the alleged facts underlying plaintiff's claims for unlawful foreclosure and violations of the FDCPA and Rosenthal Act.

Accordingly, defendant Naiman's motion to dismiss plaintiff's complaint is **GRANTED** without prejudice.  However, the Court **DENIES** without prejudice defendant Naiman's Anti-SLAPP motion to strike.  The Court expresses no view on whether this suit falls within the protections of the Anti-SLAPP statute.

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** without prejudice defendants SPS, NDS, and Trustee's motion to dismiss plaintiff's claim for wrongful foreclosure (identified in the complaint as "failure to satisfy a condition precedent"), as well as her claims for violations of the FDCPA and Rosenthal Act.  The Court **GRANTS** without prejudice defendant Naiman's motion to dismiss plaintiff's complaint, but **DENIES** without prejudice the Anti-SLAPP portion of defendant Naiman's motion to strike.

Plaintiff shall have until **Monday, October 26, 2015** to file a first amended complaint addressing the deficiencies identified herein.  Failure to do so may result in dismissal with prejudice.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |