UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | CV15-3582-CAS(AGRx) | Date | December 15, 2015 |
|---|---|---|---|
| Title | *JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL.* | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**    (IN CHAMBERS) - MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6) (Dkt. 37, filed November 11, 2015,)

(IN CHAMBERS) - MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(1) & 12(b)(6) (Dkt. 39, filed November 16, 2015)

## I.  INTRODUCTION

On May 13, 2015, *pro se* plaintiff Josefina Galindo filed this action against defendants Select Portfolio Services, Inc. ("SPS"); National Default Servicing Corp. ("NDS"); Randall Naiman ("Naiman"), an attorney; and U.S. Bank, N.A., Successor Trustee to LaSalle Bank National Association, on behalf of Bear Stearns Asset Backed Securities I Trust 2007-HE7, Asset-Backed Certificates Series 2007-HE7 ("Trustee"); and Does 1-50, inclusive.  Plaintiff's initial complaint asserted claims for (1) various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.; (2) violation of the Rosenthal Fair Debt Collection Act ("Rosenthal Act"), Cal. Civil Code § 1788, et seq.; and (3) "failure to satisfy a condition precedent," which the Court construed as a claim in equity to set aside a wrongful foreclosure sale.  See Dkt. 35.  On September 25, 2015, the Court granted without prejudice defendants' motion to dismiss the original complaint, and granted plaintiff leave to file a first amended complaint "addressing the deficiencies identified" in the Court's order.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV15-3582-CAS(AGRx) | Date | December 15, 2015 |
|---|---|---|---|
| Title | *JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL.* | | |

    On October 26, 2015, plaintiff filed the operative First Amended Complaint ("FAC"). Dkt. 36. Plaintiff's FAC added two new defendants: (1) "Encore Credit" (the original lender) and (2) "all persons or entities unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in this Complaint adverse to Plaintiff's title, or any cloud upon Plaintiff's Title thereto." See FAC (caption page). Plaintiff's FAC asserts the following twelve claims, at least eleven of which were not previously asserted in plaintiff's original complaint: (1) fraud by the original lender and all others associated with the loan; (2) breach of the implied covenant of good faith and fair dealing by the original lender and all others associated with the loan; (3) quiet title; (4) slander of title by the original lender and doe defendants; (5) a claim "to void and/or cancel *ab initio* the deed of trust and the promissory note instrument"; (6) a claim seeking an "accounting" by the original lender and doe defendants; (7) breach of fiduciary duty by all of the defendants; (8) a claim "to void and/or cancel *ab initio* the deed of trust and the promissory note instrument" based on fraud in the execution of these instruments; (9) a claim seeking cancellation of the deed of trust, pursuant to sections 23304.1, 23304.1(b) and 23305(a) of the United States Tax Code; (10) violations of the California Corporations Code at section 191(c)(7) by the original lender; (11) violation of California Business and Professions Code §17200, et seq., by the original lender; and (12) declaratory relief clarifying the rights of the parties in this case to the property and in relation to the loan at issue. The FAC does not reassert plaintiff's previously-dismissed claims for "failure to satisfy a condition precedent" or for violations of the FDCPA and Rosenthal Act.

    On November 11, 2015, defendants SPS, NDS, and Trustee filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), dkt. 37 ("Motion"), as well as a request for judicial notice, dkt. 38.[1] On November 16, 2015,

---

[1] Defendants SPS, NDS, and Trustee filed a request for judicial notice of the Deed of Trust, dated July 6, 2007, and recorded in the Official Records of the County of Los Angeles as document number 20071755925 on July 25, 2007. Plaintiff's FAC refers extensively to the Deed of Trust with lender Encore Credit, and thus incorporates this document by reference. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). Because the Deed of Trust is incorporated by reference in the pleading, the Court need


UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | CV15-3582-CAS(AGRx) | Date | December 15, 2015 |
|---|---|---|---|
| Title | *JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL.* | | |

defendant-attorney Naiman filed a separate motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), dkt. 39 ("Naiman Motion"), as well as a request for judicial notice, dkt. 39-1.[2]  On December 1, 2015, plaintiff filed an untimely opposition to the 12(b)(6) motion filed by defendants SPS, NDS, and Trustee.  Dkt. 40.  On December 7, 2015, defendants SPS, NDS, and Trustee filed a reply to plaintiff's untimely opposition.  Dkt. 41.  Also on December 7, 2015, defendant Naiman filed a reply and a notice of plaintiff's failure to file an opposition to the Naiman Motion.  Dkt. 42.  On December 8, 2015, plaintiff filed a request to enlarge time to respond to the Naiman Motion, dkt. 43, and defendant Naiman opposed plaintiff's request in a response filed on December 10, 2015, dkt. 44.  The Court denied plaintiff's request to enlarge time in an order dated December 11, 2015.  Dkt. 45.

The Court held oral argument on December 14, 2015.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.     BACKGROUND

While plaintiff devoted much of her original complaint to alleged violations of the FDCPA and Rosenthal Act, the gravamen of her original complaint was that defendants SPS, NDS, and Trustee conducted an unlawful foreclosure sale of her home, located at 7459 Jamieson Avenue, Reseda, CA 913335 (the "Property").  Specifically, plaintiff first

---

not affirmatively take judicial notice of the document.  Branch, 14 F.3d at 454.  However, courts routinely take judicial notice of these types of documents.  See, e.g., Liebelt v. Quality Loan Serv. Corp., 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb.24, 2011); Reynolds v. Applegate, 2011 WL 560757, at *1 n.2 (N.D. Cal. Feb.14, 2011); Giordano v. Wachovia Mortg., 2010 WL 5148428, at *1 n.2 (N.D. Cal. Dec. 14, 2011).  Accordingly, the Court grants defendants' request for judicial notice because the Deed of Trust is in the public record and is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

[2] The Court finds the Naiman Motion appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15.  Accordingly, the hearing date of December 21, 2015, is vacated, and the matter is hereby taken under submission.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | CV15-3582-CAS(AGRx) | Date | December 15, 2015 |
|---|---|---|---|
| Title | *JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL.* | | |

alleged in her original complaint that any alleged loan she might have had with respect to the Property "ha[d] been charged off/paid off, as evidenced by" what plaintiff called "a Verification of Mortgage from Chase Bank, the original loan Servicer, showing 'Principal Balance - $0.00'"; second, plaintiff also alleged that the foreclosure sale of the Property, which took place on September 16, 2014, occurred without plaintiff having ever received an "Acceleration Notice," which plaintiff contended was a requirement of the Deed of Trust. Original Complaint ¶¶ 18, 40.

Plaintiff appears to have signed the operative Deed of Trust on or about July 6, 2007, pledging the Property as security for payment of a $384,000 loan ("the Encore Loan") from a lender listed on the Deed of Trust as "ENCORE CREDIT." See Defs.' SDS, et al.'s Request for Judicial Notice, Ex. 1, at 4, 6, 24 (Deed of Trust); FAC ¶ 14. "ENCORE CREDIT" is described on the Deed of Trust as a "DELAWARE CORPORATION organized and existing under the laws of DELAWARE," with its address listed as 1833 Alton Parkway, Irvine, California 92606. Id., Ex. 1, at 1. A Notice of Default, recorded in the Office of the County on June 28, 2010, states that as of June 25, 2010, plaintiff was $72,346.29 behind in payments on the Property. See Id., Ex. 2 (Notice of Default).[3]

---

[3] In its September 25, 2015 order, dkt. 35, the Court granted defendants SPS, NDS, and Trustee's supplemental request for judicial notice, dkt. 30, as well as defendant Naiman's request for judicial notice, dkt. 15-2. Specifically, the Court took judicial notice of (1) a "Notice of Default and Election to Sell Under Deed of Trust" (NDSC File No. 10-31837-EM-CA and Title Order No. 100375736), recorded in the Office of the County on Jun 28, 2010 as document number 20100880718; and (2) the Summons and Unlawful Detainer Complaint filed in *U.S. Bank, N.A. v. Josefina Galindo*, Los Angeles Superior Court Case No. 15R00018, which includes, *inter alia*, a time- and date-stamped "Trustee's Deed Upon Sale" (NDSC File No. 10-31837-EM-CA and Title Order No. 100375736), filed in the Office of the County on June 28, 2010. For reasons explained *supra* at n.1, the Court grants defendants' request because these documents are in the public record and are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | CV15-3582-CAS(AGRx) | Date | December 15, 2015 |
| Title | *JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL.* | | |

    In her FAC, plaintiff is still seeking to have the Court rescind the foreclosure sale of the Property and to quiet title to the Property in her name. Previously, however, the gravamen of plaintiff's complaint was that her debt had been "charged off/paid off" by a prior servicer before the sale and that defendants SPS, NDS, and Trustee failed to validate her debt. Plaintiff's FAC makes no mention of such allegations and instead focuses almost exclusively on the allegedly fraudulent activities of the original lender, newly-added defendant "Encore Credit" (which has not joined the instant motions). Specifically, plaintiff alleges that no corporation named "Encore Credit" was registered with the Delaware Secretary of State at the time the loan documents were signed. FAC ¶ 18, Ex. 2. Instead, plaintiff alleges that an entity named "Encore Credit *Corp.*" was registered both as a "foreign corporation in Delaware" and as a "domestic corporation in California." Id. ¶¶ 19-20 (emphasis added). In addition, plaintiff alleges that "Encore Credit Corp." changed its name to "Performance Credit Corp." on February 9, 2007, as to the California entity, and on March 1, 2007, as to the Delaware entity. Id. ¶¶ 23-24. These alleged name changes occurred roughly five months before the lender, under the name "Encore Credit," made the loan to plaintiff. Thus, plaintiff alleges that "when the [Deed of Trust] was created, Plaintiff was fraudulently induced to endorse the [Deed of Trust and Promissory Note] to a non-existent company, Encore Credit." Id. ¶ 16. Based upon these allegations, plaintiff seeks, *inter alia*, "an order of the Court that voids and/or cancels *ab initio* the Deed of Trust and the Promissory Note and quieting title to Plaintiff Josefina Galindo alone." Id. ¶ 25.

### III.    LEGAL STANDARD

    A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | CV15-3582-CAS(AGRx) | Date | December 15, 2015 |
| Title | *JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL.* | | |

"Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV15-3582-CAS(AGRx) | Date | December 15, 2015 |
| Title | *JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL.* | | |

IV.     **DISCUSSION**

     A.     **New Claims Asserted in the FAC**

          1.     **New Claims Asserted Without Proper Leave Must be Dismissed**

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend her pleading once as a matter of course within twenty-one days after serving it, or within twenty-one days after a responsive pleading or Rule 12(b), (e), or (f) motion has been filed, whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend his or her pleading only with the opposing party's written consent or with the court's leave. Fed. R. Civ. P. 15(a)(2).

In the Court's September 25, 2015 order, the Court granted without prejudice defendants SPS, NDS, and Trustee's motion to dismiss plaintiff's claim in equity for wrongful foreclosure (identified in the complaint as "failure to satisfy a condition precedent"), as well as her claims for violations of the FDCPA and the Rosenthal Act. See Dkt. 35. In dismissing plaintiff's complaint, the Court granted plaintiff leave to file a first amended complaint "addressing the deficiencies identified [within the Court's order]." Id. at 15. The Court did not grant plaintiff leave to file entirely new claims or to add additional, previously unnamed defendants to the action.

Therefore, pursuant to Rule 15(a)(2), plaintiff was required to seek leave of the Court or defendants' written consent to file an amended complaint asserting entirely new claims, including the eleven new claims now asserted in the operative First Amended Complaint; the absence of such leave provides an independent basis for dismissal of plaintiffs' additional claims. Benton v. Baker Hughes, No. CV 12-07735-MMM-MRW, 2013 WL 3353636, at *3 (C.D. Cal. June 30, 2013) aff'd sub nom. Benton v. Hughes, No. 13-56356, 2015 WL 7732183 (9th Cir. Dec. 1, 2015) (noting that "[t]he addition of [plaintiff's] new claims . . . exceed[ed] the scope of the leave to amend granted [in the court's order dismissing plaintiff's complaint]" and therefore "it is appropriate to strike the newly added claims on this basis"); see also Yau v. Duetsche Bank Nat. Trust Co. Americas, No. SACV 11-00006-JVS, 2011 WL 8326579, at *2 (C.D. Cal. Aug. 31, 2011) ("In order to assert claims [in the second amended complaint] that were not asserted in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | CV15-3582-CAS(AGRx) | Date | December 15, 2015 |
| Title | *JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL.* | | |

the FAC, Plaintiffs would have had to obtain Defendants' consent or the Court's leave . . . Plaintiffs did not do so. Accordingly, the [additional] claims are dismissed without prejudice."); Kennedy v. Full Tilt Poker, No. CV 09–07964 MMM (AGRx), 2010 WL 3984749, * 1 (C.D.Cal. Oct.12, 2010) (noting that the court had stricken a third amended complaint because plaintiffs' new claims and the addition of new defendants "exceeded the authorization to amend the court granted" and plaintiffs had not sought leave to add new claims or defendants as required by Rule 15).

     Accordingly, plaintiff's claims for fraud; breach of the implied covenant of good faith and fair dealing; slander of title; the claim "to void and/or cancel ab initio the deed of trust and the promissory note instrument"; "accounting"; breach of fiduciary duty; the claim "to void and/or cancel ab initio the deed of trust and the promissory note instrument" based on fraud in the execution of the instruments; the claim seeking cancellation of the deed of trust, pursuant to sections 23304.1, 23304.1(b) and 23305(a) of the United States Tax Code; the claim for violations of the California Corporations Code at section 191(c)(7); the claim for violation of California Business and Professions Code §17200, et seq.; and (12) the claim for declaratory relief clarifying the rights of the parties in this case to the property and in relation to the loan at issue; are hereby **DISMISSED** without prejudice. See Yau, 2011 WL 8326579, at *2.

     The Court construes plaintiff's claim in equity for quiet title as an attempt to re-plead her previously-dismissed claim in equity to set aside the non-judicial foreclosure sale. Accordingly, plaintiff's quiet title claim is discussed below. The FAC does not reassert plaintiff's previously-dismissed claims for violations of the FDCPA and Rosenthal Act. These claims are accordingly **DISMISSED WITH PREJUDICE.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | CV15-3582-CAS(AGRx) | Date | December 15, 2015 |
|---|---|---|---|
| Title | *JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL.* | | |

**B. Plaintiff's Claim in Equity to Quiet Title / Set Aside a Foreclosure Sale Must be Dismissed**

Plaintiff's original complaint alleged that defendants "failed to perform certain actions ***prior*** to enforcing an alleged right to effect dispossession or disablement of Plaintiff's property." Original Complaint ¶ 40 (emphasis in original). More specifically, plaintiff previously alleged that defendants could not legally foreclose on her property when they did because she never received an "Acceleration Notice," which she maintained was a "condition precedent" under paragraph 22 of the Deed of Trust. Id. (outlining claim 2 for "failure to satisfy a condition precedent"). In addition, plaintiff's prayer for relief included a request that the court "declare ('declaratory relief') that defendants did not acquire any interest in the alleged debt and/or real property." Id. at page 9 (Prayer ¶ 1). Although plaintiff's original complaint did not expressly assert a claim for declaratory relief, to the extent to which plaintiff was attempting to set aside the sale of the Property on account of irregularities in the sale, including defendants' alleged failure to satisfy a condition precedent of the Deed of Trust, the Court construed plaintiff's claim for "failure to satisfy a condition precedent" and related request for declaratory relief as an action in equity for wrongful foreclosure. See Lona v. Citibank, N.A., 202 Cal.App. 4th 89, 103 (2011) ("After a nonjudicial foreclosure sale has been completed, the traditional method by which the sale is challenged is a suit in equity to set aside the trustee's sale."); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("[W]e continue to construe *pro se* filings liberally when evaluating them under Iqbal.")

As the Court noted in its previous order, under California law, "[t]he elements of an equitable cause of action to set aside a foreclosure sale are as follows: (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 104 (2011) (collecting cases). Accord In re Mortgage Elec. Registration Sys., Inc., 754 F.3d 772, 784 (9th Cir. 2014). The Court previously dismissed plaintiff's claim in equity to set aside the foreclosure sale because plaintiff "failed to sufficiently plead that she has tendered the amount of her indebtedness, as required for her to maintain a claim." Dkt. 35 at 8; see Stebley v. Litton

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | CV15-3582-CAS(AGRx) | Date | December 15, 2015 |
| Title | *JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL.* | | |

Loan Servicing, LLP, 202 Cal. App. 4th 522, 526 (2011) ("A full tender must be *made* to set aside a foreclosure sale, based on equitable principles."); see also Hernandez v. Select Portfolio, Inc., 2015 WL 3914741, at *11 (C.D. Cal. June 25, 2015) ("Allegations concerning tender must go beyond mere conclusory assertions that plaintiff has offered to tender the amount of his or her indebtedness.").

### 1. Plaintiff Again Fails to Plead Tender

With respect to pleading tender, plaintiff's First Amended Complaint suffers from the same infirmities as her original complaint. In her FAC, plaintiff seeks to quiet title against the claims on the Property asserted by defendants SPS, NDS, and Trustee. FAC ¶ 55. Specifically, plaintiff alleges that these defendants "had no right to title or interest in the [Property] and no right to entertain any rights of ownership including the right to foreclosure, offering the [Property] for sale, demanding possession or filing cases for unlawful detainer." Id. Despite this purported lack of any right, plaintiff alleges that these defendants "proceeded with a non-judicial foreclosure sale, illegally and with unclean hands." Id.

A quiet title claim requires (1) a description of the property at issue; (2) a statement of plaintiff's title to the property; (3) the adverse claims to the title for which determination is sought; (4) the date for which the determination of rights is sought; and (5) a prayer for determination of plaintiff's title against adverse claims. Cal. Code Civ. Proc. § 761.020. A mortgagor cannot quiet title against a mortgagee without first tendering the amount owed on the mortgage. Miller v. Provost, 26 Cal. App. 4th 1703, 1707 (1994). Indeed, "[q]uiet title is an equitable remedy, and 'a court of equity will not aid a person in avoiding the payment of his or her debts.'" Nationwide Ins. Co. of Am. v. Bank of Am., N.A., No. CV1402244DDPAGRX, 2015 WL 5050510, at *4 (C.D. Cal. Aug. 26, 2015) (quoting Mix v. Sodd, 126 Cal. App. 3d 386, 390 (4th Dist. 1981)). Again, plaintiff fails to plead that she actually tendered the full amount due on her loan at any time before, during, or after the non-judicial foreclosure sale on the Property. Indeed, plaintiff states in her opposition to the instant motion that she "does not dispute the fact that someone is owed something," but she insists that "it is not these Defendants." Opp'n at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | CV15-3582-CAS(AGRx) | Date | December 15, 2015 |
| Title | *JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL.* | | |

Under California law, "'[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.'" Agbabiaka v. HSBC Bank USA Nat. Association, 2010 WL 1609974, *6 (N.D. Cal. Apr. 20, 2010) (quoting Karlsen v. American Savings and Loan Assoc., 15 Cal.App.3d 112, 117-18 (1971)); see also Lester v. J.P. Morgan Chase Bank, 926 F.Supp.2d 1081, 1092 (N.D. Cal.2013) ("Generally, the 'tender rule' applies to claims to set aside a trustee's sale for procedural irregularities or alleged deficiencies in the sale notice"). "The rationale behind the rule is that if [the borrower] could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the [borrower]." Lona, 202 Cal. App. 4th at 112. Accordingly, the tender rule prevents "a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property." Williams v. Countrywide Home Loans, 1999 WL 740375, *2 (N.D. Cal. Sept.15, 1999).

Here, as defendants rightly note, plaintiff acknowledges (1) signing the Deed of Trust and Promissory Note, (2) receiving funds pursuant to the loan contract, (3) purchasing the Property with the funds, and (4) possessing and laying claim to the Property, but *she does not claim* to have tendered amounts owed on the loan or to have paid the loan off. Motion at 10-11. Accordingly, plaintiff's quiet title claim and claim in equity to set aside the non-judicial foreclosure sale of the Property are hereby **DISMISSED WITH PREJUDICE**.

    **C.    Plaintiff's Claims Against Defendant-Attorney Naiman Must be Dismissed**

In his own separately-filed motion to dismiss, defendant-attorney Naiman again argues that plaintiff fails to state a claim against him. In the Court's previous order dismissing the claims as to defendant Naiman, the Court explained as follows:

> Plaintiff pleads very few facts in the complaint itself with respect to any alleged conduct by Naiman. Aside from the complaint's description of Naiman as "a licensed attorney who routinely acts as a debt collection attorney and claims to be appointed as a foreclosure attorney for U.S. Bank," the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | CV15-3582-CAS(AGRx) | Date | December 15, 2015 |
| Title | *JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL.* | | |

>   complaint's only other references to Naiman conclusorily state
>   that he is a "debt collector" under the FDCPA and "purports to
>   be collecting for another entity, U.S. Bank, N.A." Compl. ¶ 7,
>   26, 33.  "While legal conclusions can provide the framework of
>   a complaint, they must be supported by factual allegations.
>   When there are well-pleaded factual allegations, a court should
>   assume their veracity and then determine whether they
>   plausibly give rise to an entitlement to relief." Iqbal, 556 U.S.
>   at 679.  Here, it is unclear from the face of the complaint what
>   specific role, if any, Naiman played with respect to the alleged
>   facts underlying plaintiff's claims for unlawful foreclosure and
>   violations of the FDCPA and Rosenthal Act.

Dkt. 35 at 14.  Plaintiff's FAC again pleads only two sentences regarding defendant Naiman, stating that he "is a licensed attorney who routinely acts as a debt collection attorney and claims to be appointed as a foreclosure attorney for U.S. BANK, N.A.," and that he has his principal place of business in San Diego, California.  FAC ¶ 5.  Defendant Naiman accordingly argues, *inter alia*, that he "is simply named in the case caption, briefly identified in a single short paragraph, and then completely ignored throughout the rest of the FAC.  As such, the FAC is utterly void of any actual legal claims against [Naiman], and on this basis alone is subject to dismissal."  Naiman Motion at 16.  The Court agrees, and accordingly **DISMISSES** all claims against defendant Naiman **WITH PREJUDICE**.

V.     **CONCLUSION**

       In accordance with the foregoing, plaintiff's FAC is hereby **DISMISSED**.  Specifically, all of plaintiff's claims against defendant-attorney Randall Naiman are hereby **DISMISSED WITH PREJUDICE**.  Plaintiff's claims against defendants SPS, NDS, and Trustee for violations of the FDCPA and the Rosenthal Act, as well as her claim in equity for quiet title and/or to set aside the trustee's sale for wrongful foreclosure, are hereby **DISMISSED WITH PREJUDICE** as to SPS, NDS, and Trustee.  All of plaintiff's additional claims asserted in the FAC as to all defendants are hereby **DISMISSED** without prejudice, as plaintiff did not have leave of Court or consent of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV15-3582-CAS(AGRx) | Date | December 15, 2015 |
|---|---|---|---|
| Title | *JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL.* | | |

parties to file an amended complaint asserting these additional claims or adding additional defendants not named in the original complaint.[4]

IT IS SO ORDERED.

00 : 00

Initials of Preparer     CL

---

[4] At oral argument, plaintiff expressed an interest in seeking leave to file a Second Amended Complaint. In the interest of maintaining the integrity of the Court's docket, the Court instructed plaintiff to file a motion for leave to amend her First Amended Complaint within 30 days of the entry of this order.