UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6  'O'

| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 12, 2016 |
|---|---|---|---|
| Title | JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Catherine M. Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (Dkt. 50, filed January 13, 2016)

## I.   INTRODUCTION

On May 13, 2015, *pro se* plaintiff Josefina Galindo filed this action against defendants Select Portfolio Services, Inc. ("SPS"); National Default Servicing Corp. ("NDS"); Randall Naiman ("Naiman"), an attorney; and U.S. Bank, N.A., Successor Trustee to LaSalle Bank National Association, on behalf of Bear Stearns Asset Backed Securities I Trust 2007-HE7, Asset-Backed Certificates Series 2007-HE7 ("Trustee"); and Does 1-50, inclusive. Plaintiff's initial complaint asserted claims for (1) various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.; (2) violation of the Rosenthal Fair Debt Collection Act ("Rosenthal Act"), Cal. Civil Code § 1788, et seq.; and (3) "failure to satisfy a condition precedent," which the Court construed as a claim in equity to set aside a wrongful foreclosure sale. See Dkt. 35 (Original Complaint). On September 25, 2015, the Court granted without prejudice defendants' motion to dismiss the original complaint, and granted plaintiff leave to file a first amended complaint "addressing the deficiencies identified" in the Court's order. Id.

On October 26, 2015, plaintiff filed a First Amended Complaint ("FAC"). Dkt. 36. Without leave of Court, plaintiff's FAC added two new defendants: (1) "Encore Credit" (the original lender) and (2) "all persons or entities unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in this Complaint adverse to Plaintiff's title, or any cloud upon Plaintiff's Title thereto." See FAC (caption page). Plaintiff's FAC re-pled her claim in equity to quiet title and/or set aside a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 12, 2016 |
| Title | JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

foreclosure sale, but did not reassert her previously-dismissed claims for violations of the FDCPA and Rosenthal Act. The FAC also asserted eleven additional claims, none of which were asserted in the original complaint, alleging that the lien encumbering the Property and the note evidencing her debt should be void because, *inter alia*, the original lender did not exist under the name listed on the Deed of Trust. See generally FAC.

In an order dated December 15, 2015, the Court dismissed with prejudice all of plaintiff's claims against defendant-attorney Randall Naiman. Dkt. 49, at 12-13. The Court also dismissed with prejudice plaintiff's claims against defendants SPS, NDS, and Trustee for violations of the FDCPA and the Rosenthal Act, as well as her claim in equity for quiet title and/or to set aside the trustee's sale for wrongful foreclosure. Id. Finally, the Court dismissed without prejudice plaintiff's eleven additional claims, as plaintiff did not have leave of Court or consent of the parties to file an amended complaint asserting these additional claims or adding additional defendants not named in the original complaint. Id. (citing Benton v. Baker Hughes, No. CV 12-07735-MMM-MRW, 2013 WL 3353636, at *3 (C.D. Cal. June 30, 2013), (noting that "[t]he addition of [plaintiff's] new claims . . . exceed[ed] the scope of the leave to amend granted [in the court's order dismissing plaintiff's complaint]" and therefore "it is appropriate to strike the newly added claims on this basis")), aff'd sub nom. Benton v. Hughes, No. 13-56356, 2015 WL 7732183 (9th Cir. Dec. 1, 2015). Because plaintiff expressed an interest at oral argument in amending her complaint to add these additional claims and defendants, the Court instructed plaintiff to file a motion for leave to file a second amended complaint. Dkt. 49, at 13 n.4.

On January 13, 2016, plaintiff filed the instant motion for leave to file a Second Amended Complaint ("SAC"), attaching the proposed SAC as an exhibit. Dkt. 50 ("Motion"). On January 29, 2016, defendant-attorney Naiman filed an opposition to plaintiff's motion. Dkt. 51. On February 1, 2016, defendants SPS, NDS, and Trustee filed a separate opposition to plaintiff's motion.[1] Dkt. 52. Plaintiff did not file a reply.

---

[1] Defendants SPS, NDS, and Trustee filed a request for judicial notice of the Deed of Trust, dated July 6, 2007, and recorded in the Official Records of the County of Los Angeles as document number 20071755925 on July 25, 2007. Plaintiff's FAC and proposed SAC refer extensively to the Deed of Trust with lender Encore Credit, and thus

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6  'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 12, 2016 |
| Title | JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

While plaintiff devoted much of her original complaint to alleged violations of the FDCPA and Rosenthal Act, the gravamen of her original complaint was that defendants SPS, NDS, and Trustee conducted an unlawful foreclosure sale of her home, located at 7459 Jamieson Avenue, Reseda, CA 913335 (the "Property"). Specifically, plaintiff first alleged in her original complaint that any purported loan she might have had with respect to the Property "ha[d] been charged off/paid off, as evidenced by" what plaintiff called "a Verification of Mortgage from Chase Bank, the original loan Servicer, showing 'Principal Balance - $0.00'"; second, plaintiff also alleged that the foreclosure sale of the Property, which took place on September 16, 2014, occurred without plaintiff having ever received an "Acceleration Notice," which plaintiff contended was a requirement of the Deed of Trust. Original Complaint ¶¶ 18, 40.

Plaintiff appears to have signed the operative Deed of Trust on or about July 6, 2007, pledging the Property as security for payment of a $384,000 loan ("the Encore Loan") from a lender listed on the Deed of Trust as "ENCORE CREDIT." See Defs.' SDS, et al.'s Request for Judicial Notice, Ex. 1, at 4, 6, 24 (Deed of Trust); SAC ¶ 16. "ENCORE CREDIT" is described on the Deed of Trust as a "DELAWARE CORPORATION organized and existing under the laws of DELAWARE," with its address listed as 1833 Alton Parkway, Irvine, California 92606. Id., Ex. 1, at 1. A Notice of Default, recorded in the Office of the County on June 28, 2010, states that as of June

---

incorporate this document by reference. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). Because the Deed of Trust is incorporated by reference in the pleadings, the Court need not affirmatively take judicial notice of the document. Branch, 14 F.3d at 454.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6  'O'

| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 12, 2016 |
|---|---|---|---|
| Title | JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

25, 2010, plaintiff was $72,346.29 behind in payments on the Property. See Id., Ex. 2 (Notice of Default).[2]

    Much like her now-dismissed FAC, plaintiff's proposed SAC focuses almost exclusively on the allegedly fraudulent activities of the original lender, "Encore Credit," which plaintiff again seeks to add as a defendant in this action. Specifically, plaintiff alleges that although the Deed of Trust lists the "Lender" as "ENCORE CREDIT . . . a DELAWARE CORPORATION organized and existing under the laws of DELAWARE," no such entity existed at the time the loan documents were signed. See SAC ¶¶ 16-25. According to plaintiff, a "[r]ecent investigation [has] determined that Defendant ENCORE CREDIT is not a Delaware corporation, nor a title of a Delaware corporation, nor has it ever filed a Certificate of Incorporation in Delaware." Id. ¶ 18. Instead, plaintiff alleges that an entity named "Encore Credit *Corp.*" was registered both as a "foreign corporation in Delaware" and as a "domestic corporation in California." Id. ¶¶ 19-20 (emphasis added).

    In addition, plaintiff alleges that "Encore Credit Corp." changed its name to "Performance Credit Corp." on February 9, 2007, as to the California entity, and on March 1, 2007, as to the Delaware entity. Id. ¶¶ 23-24. These alleged name changes occurred roughly five months before the lender, under the name "Encore Credit," made

---

    [2] In its September 25, 2015 order, dkt. 35, the Court granted defendants SPS, NDS, and Trustee's supplemental request for judicial notice, dkt. 30, as well as defendant Naiman's request for judicial notice, dkt. 15-2. Specifically, the Court took judicial notice of (1) a "Notice of Default and Election to Sell Under Deed of Trust" (NDSC File No. 10-31837-EM-CA and Title Order No. 100375736), recorded in the Office of the County on Jun 28, 2010 as document number 20100880718; and (2) the Summons and Unlawful Detainer Complaint filed in *U.S. Bank, N.A. v. Josefina Galindo*, Los Angeles Superior Court Case No. 15R00018, which includes, *inter alia*, a time- and date-stamped "Trustee's Deed Upon Sale" (NDSC File No. 10-31837-EM-CA and Title Order No. 100375736), filed in the Office of the County on June 28, 2010. The Court granted defendants' request because these documents are in the public record and are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6    'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 12, 2016 |
| Title | JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

the loan to plaintiff.  Id. ¶ 23.  Accordingly, plaintiff alleges that "when the [Deed of Trust] was created, Plaintiff was fraudulently induced to endorse the [Deed of Trust and Promissory Note] to a non-existent company, Encore Credit."  Id. ¶ 16.  Plaintiff further alleges that she thereafter "made payments in good faith based upon the misrepresented terms of the [Deed of Trust]."  Id. ¶ 17.

Plaintiff concludes the "general allegations" section of her proposed SAC as follows:

> A FULL UNCONDITIONAL TENDER IS NOT A THRESHOLD REQUIREMENT TO A CHALLENGE OF VIOLATION OF CONSUMER ABUSE.  The [Deed of Trust] is defective on its face due to the nonexistent lender.  Because there was no authority to transfer or assign the debt because of the fraud in the origination of the deed of trust, tender is not required.  Since plaintiff[']s action attacks the validity of the underlying debt, a tender is not required since it would constitute an affirmation of the debt.  It would also be inequitable to require tender on the party challenging the alleged transfer of interest . . . A common sense reading of the complaint will show that tender requirement does not apply. The plaintiff discovered discrepancies and defects in the DOT. The defendants, and each of them, passed the golden gem "[Deed of Trust]" from one to another in the name game ignoring the obvious defects on the deed of trust without validating the debt that was already discharged.

Id. ¶ 25.

Plaintiff's proposed SAC asserts the following claims: (1) fraud by the original lender (Encore Credit) and all others associated with the loan; (2) breach of the implied covenant of good faith and fair dealing by the original lender and all others associated with the loan; (3) slander of title by the original lender and all defendants; (4) a claim "to void and/or cancel *ab initio* the deed of trust and the promissory note instrument"; (5) a claim seeking an "accounting" by the original lender and doe defendants; (6) breach of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 12, 2016 |
| Title | JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

fiduciary duty by all of the defendants; (7) a claim "to void and/or cancel *ab initio* the deed of trust and the promissory note instrument" based on "fraud in the execution" of these instruments; (8) a claim seeking cancellation of the deed of trust, pursuant to sections 23304.1, 23304.1(b) and 23305(a) of the United States Tax Code; (9) violations of the California Corporations Code at section 191(c)(7), by the original lender; (10) violation of California Business and Professions Code §17200, et seq., by the original lender; and (11) declaratory relief clarifying the rights of the parties in this case to the property and in relation to the loan at issue. See SAC ¶¶26-117. The proposed SAC also seeks to add an additional defendant, J.P. Morgan Chase Bank.

Notably, with respect to her additional claims, plaintiff fails sufficiently to allege any specific facts regarding the conduct of the originally-named defendants in this action: SPS, NDS, Naiman, and Trustee. In addition, the SAC does not reassert plaintiff's claims, previously dismissed with prejudice, for "failure to satisfy a condition precedent," or for violations of the FDCPA and Rosenthal Act.

Ultimately, plaintiff's proposed SAC seeks, *inter alia*, "an Order of the Court cancelling *ab initio*, and declaring as null and void the Deed of Trust, the Promissory Note, and any assignment thereof." SAC, Prayer for Relief, at ¶ 3.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that, if a responsive pleading has already been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." A district court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The district court may decline to grant such leave, though, where there is 'any apparent or declared reason' for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment." Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991) (emphasis omitted) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); see also Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) ("Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.") (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6   'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 12, 2016 |
| Title | JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

Prejudice exists when the "new amended claims would greatly change the parties' positions in the action, and require the assertion of new defenses." Phoenix Solutions, Inc. v. Sony Elecs., Inc., 637 F. Supp. 2d 683, 690 (N.D. Cal. 2009) (citing Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)); see also Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) (finding relevant to the prejudice inquiry "whether the assertion of a new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial [or] (ii) significantly delay the resolution of the dispute"). The decision to grant or deny leave to amend "is within the discretion of the District Court." Foman, 371 U.S. at 182; Swanson v. U.S. Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996) ("The district court's denial of a motion for leave to amend is reviewed for an abuse of discretion.").

## IV. DISCUSSION

Despite the general policy in favor of liberally granting leave, the Court does not find leave to file the proposed SAC to be appropriate in this case, as it appears that all of plaintiff's claims are premised upon an unviable theory of liability and, more importantly, are time barred. Accordingly, amendment of the complaint to allow plaintiff's assertion of these additional claims would be futile. See Buckley, 356 F.3d at 1077.

### A. The Alleged Defects in the Deed of Trust Regarding the Original Lender Do Not Render the Deed of Trust—or Subsequent Assignments of the Deed of Trust—Void

Defendants SPS, NDS, and Trustee first argue in opposition to plaintiff's motion that all of plaintiffs claims in the proposed SAC are based upon a "flawed" theory of liability. Motion at 4. Specifically, defendants argue that "the mistakes Plaintiff claims her original lender [i.e., Encore Credit] made in creating and signing her loan documents cannot support any of the relief requested in this action." Id. at 5. For reasons explained below, the Court agrees.

Defendants first note that under California law, a misnomer of a corporation will not invalidate a grant or conveyance to or by it, if it appears from the instrument itself, or is shown by such evidence as is admissible upon the question, that it was the corporation intended." First View LLC v. New W. Properties, No. B198342, 2008 WL 4149756, at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6   'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 12, 2016 |
| Title | JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

*3 (Cal. Ct. App. Sept. 10, 2008) (quoting Sixth Dist. Agr. Ass'n v. Wright, 154 Cal. 119, 127 (1908)).³ Indeed, "the general rule is that misnomer of a corporation will not invalidate a grant or conveyance to or by it, if it appears from the instrument itself, or is shown by such evidence as is admissible upon the question, that it was the corporation intended." Sixth Dist., 154 Cal. at 127.

      For example, the plaintiff in Mutual Building and Loan Association of Long Beach v. Corum challenged the validity of a sale of property on the grounds that the relevant promissory note was "made payable to the *Mutual Building and Loan Association of San Jose and College Park*, whereas the name of said corporation had been changed to *California Mutual Building and Loan Association*," such that at the time the note was executed, no corporation with the name listed on the note existed. See 220 Cal. 282, 291 (1934) (emphasis added). According to the defaulting borrower, this meant that "the note was therefore a nullity; the assignment by the California Mutual Building and Loan Association in its own name was void[; the borrower] took no title to said note;" and therefore the notice of default that preceded foreclosure was "ineffective" because the borrower never took title due to the allegedly "void assignment." Id. The Court of Appeal rejected the borrower's argument, explaining that "a change in name does not affect the identity of a corporation." Id. at 292-93. Specifically, the change of name by the payee corporation was made known in the lawsuit and the Court therefore held that "the fact that the note was taken by its former name was not material." Id.; see also Budd v. Joseph Zukin Blouses, Inc., 90 Cal.App. 447, 448-49 (Cal. 1928) (assignment by "'S. & B. Knitting Co.'" sufficiently identified "'S. & B. Knitting Mills, Inc.'"); Borello v. Eichler Homes, Inc., 221 Cal. App. 2d 487, 492-93 (Cal. 1963) (lien describing property as "'Unit 3 and Unit 4, Terra Linda, San Rafael, California'" was sufficient description of "'Terra Linda Valley Unit 3 and Unit 4'").

---

    ³ "The Court may cite unpublished California appellate decisions as persuasive authority." Washington v. California City Correction Ctr., 871 F. Supp. 2d 1010, 1028 (E.D. Cal. 2012) (Ishii, C.J.) (citing Employers Ins. of Wausau v. Granite State Ins. Co., 330 F.3d 1214, 1220 n.8 (9th Cir. 2003) ("[W]e may consider unpublished state decisions, even though such opinions have no precedential value.")).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6   'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 12, 2016 |
| Title | JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

Here, similarly, even accepting as true all of plaintiff's allegations regarding the purported non-existence of lender "Encore Credit" as a "Delaware Corporation organized and existing under the laws of Delaware," and the existence instead of "Encore Credit 'Corp.'" as a *California* Corporation existing under the laws of California, see SAC ¶¶ 16-25, it is unclear why any such discrepancy would warrant the relief plaintiff requests here—i.e., "an Order of the Court cancelling *ab initio*, and declaring as null and void the Deed of Trust, the Promissory Note, and any assignment thereof., see SAC, Prayer for Relief, at ¶ 3. Indeed, numerous courts have considered—and rejected—similar challenges to the validity of a Deed of Trust (and subsequent assignments) based on the identity and incorporation of the lender.

The district court's ruling in Moran v. HSBC Bank USA, N.A., WL 139705 (N.D. Cal. Jan. 9, 2015) (Koh, J.) is particularly instructive. In that case, plaintiff Kelly Moran alleged that "American Brokers's 2006 sale of [her] mortgage to [a] Trust . . . [as well as the] subsequent assignment [of the Deed of Trust] were 'void and invalid' because 'they were executed by (or on behalf) of an entity that was not in fact American Brokers Conduit, a New York corporation.' " Id. at *1. Specifically, the operative complaint asserted that Moran's "deed of trust specifie[d] that the lender, American Brokers Conduit, [was] a corporation organized under the laws of the state of New York," but "no such corporate entity existed according to the records contained in the New York Department of State Corporation and Business Entity Database." Id. at *1, *3. Therefore, Moran alleged that the "deed of trust itself [was] invalid because the lender, American Brokers, did not exist as a New York corporation in September 2006." Id. Furthermore, since "no such entity existed, American Brokers' sale of Moran's deed of trust to . . . [a particular] Trust was invalid." Id.

Here, plaintiff Galindo similarly alleges that she "was fraudulently induced to endorse the [Deed of Trust] and Note . . . to a non-existent entity, 'ENCORE CREDIT, a Delaware Corporation,' " and that therefore "all transfers, assignments, and substitutions of trustee were fatally defective as a matter of law." SAC ¶¶ 16, 33. The court in Moran rejected this argument, explaining as follows:

> [T]he Court agrees with Defendants that Plaintiff has failed to identify why American Brokers' incorporation status renders the deed of trust void or otherwise caused Plaintiff any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6    'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 12, 2016 |
| Title | JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

> cognizable injury.  Moran does not deny that an entity identifying itself as American Brokers Conduit provided a loan of $650,000 under the terms of the deed of trust.  Nor does Moran contest that he was obligated to make payments under the terms of his loan agreement.  Moran offers only a single bare allegation that the deed of trust "was void because there was no corporation named 'American Brokers Conduit' organized in New York at that time." . . . Plaintiff has offered no reason or argument why American Brokers' corporate status would vitiate his duties under the loan agreement or impact American Brokers' right to assign or sell the loan.

Id. at *4.  This analysis applies with equal force here, where plaintiff Galindo does not deny that an entity identifying itself as Encore Credit provided a loan of nearly $400,000 under the terms of the Deed of Trust, and that Galindo received the benefits of this loan.

Accordingly, like the plaintiff in Moran, plaintiff here "has failed to allege a viable claim that [the] deed of trust is void" and has therefore "failed to provide a legal basis for invalidating the deed of trust." Id. at *5.  At bottom, to the extent plaintiff's proposed additional claims aim to challenge the validity of the Deed of Trust and any subsequent assignments based upon how the lender's name appears on the document, these claims must fail.[4]  See also Vicky Perry v. Select Porfolio Servicing, Inc., et al., 2016 WL

---

[4] The Court notes that despite plaintiff's contention to the contrary, the California Supreme Court's decision in Yvanova v. New Century Mortgage Corp, 62 Cal. 4th 919 (2016) has little relevance here.  In that case, the California Supreme Court held that, following a non-judicial foreclosure, a borrower retains standing to sue for wrongful foreclosure where an alleged defect in the assignment renders the assignment void.  See id. at 942-43.  The Court was careful to limit its holding in Yvanova:

> Our ruling in this case is a narrow one.  We hold only that a borrower who has suffered a nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he or she was in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6   'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 12, 2016 |
| Title | JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

3078839, at *1 (N.D. Cal. Jan. 8, 2016) (Seeborg, J.) ("Perry now places additional emphasis on her contention that the underlying promissory note and deed of trust are void because they were executed in the name of 'America's Wholesale Lender,' which she contends 'was not a legal entity capable of entering into a contract.'  There is no dispute, however, that as the Second Amended Complaint expressly alleges, 'America's Wholesale Lender' was a trade name used by Countrywide Home Loans, Inc.  Perry further expressly acknowledges that she in fact received a $536,000 loan pursuant to the note and deed of trust.  ***Perry has advanced no viable basis for finding the note and deed of trust void simply because the lender was identified by its trade name instead of its formal legal name***.") (emphasis added); cf. Shuster v. BAC Home Loans Servicing, LP, 211 Cal. App. 4th 505, 511 (2012) (omission of trustee from deed of trust did not preclude enforcement of deed through nonjudicial foreclosure).

### B.     All of Plaintiff's Proposed Additional Claims against Encore Credit are also Time Barred

The Court also finds that granting plaintiff leave to amend her complaint would be futile, as all of her additional proposed claims are time-barred.  Plaintiff's proposed SAC alleges that original lender Encore Credit "misrepresented material facts within the loan

---

> default on the loan and was not a party to the challenged assignment.

Id. at 924.  As the Court explained, "the principle that only the entity currently entitled to enforce a debt may foreclose on the mortgage or deed of trust securing that debt is not, or at least should not be, controversial."  Id. at 928.

Notably, defendants here do not assert that plaintiff Galindo *lacks standing* to assert a claim for wrongful foreclosure based on an allegedly void assignment.  Rather, they argue that she has failed, in her proposed SAC and in her two previous complaints, (1) to state a claim for wrongful foreclosure, or (2) to demonstrate that any alleged defects in her original Deed of Trust render the Deed of Trust, or any subsequent assignments, void.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6  'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 12, 2016 |
| Title | JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

process used in the Deed of Trust and also misrepresented material facts within the Promissory Note when it had claimed to have legal authority to conduct residential loans when it was not licensed to do business in California." SAC ¶ 27. Plaintiff also refers to the Deed of Trust's "defects," the "bogus transaction" underlying her loan, and the "the non-existent interest under the fake deed of trust" that arose thereafter. Id. ¶ 32.

Generally, plaintiff's factual allegations throughout the complaint all stem from the alleged wrongful conduct of the original lender, Encore Credit, in the execution of the Deed of Trust. See, e.g., id. ¶¶ 42 ("Clearly Encore Credit engaged in predatory lending . . . [in] their complete failure to provide to Plaintiff Galindo the necessarily required consumer cautions regarding . . . the simple fact that [it] was . . . not licensed to conduct any type of residential loan business in the State of California"); 62 (Defendants "engaged in acts of Fraud In The Execution of the Deed of Trust, when [they] created a contract (the DOT) while not being duly authorized and/or duly licensed to not only conduct business in the State of California, but deliberately, with malice and oppression, convinced Plaintiff Galindo that any loan could somehow be in [her] best interest, and absolutely nothing could be further from the truth."); 90 ("Defendant Encore Credit conducted business in California when its status as a corporation was non-existent and not registered with the Secretary of State. Specifically, it prepared and/or executed Plaintiff's DOT and Note on the subject property on July 6, 2007.").

Generally speaking, a particular statute of limitations period commences when the cause of action accrues, Fox v. Ethicon Endo–Surgery, Inc., 35 Cal.4th 797, 806 (2005), and a cause of action accrues at "the time 'when, under the substantive law, the wrongful act is done,' or the wrongful result occurs, and the consequent 'liability arises,'" Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999) (citation omitted). In other words, the statute of limitations begins to run "when the cause of action is complete with all of its elements." Norgart, 21 Cal. 4th at 397 (citation omitted).

In the instant case, plaintiff signed the operative Deed of Trust over eight years ago, on or about July 6, 2007, pledging the Property as security for payment of a $384,000 loan. See Defs.' SDS, et al.'s Request for Judicial Notice, Ex. 1, at 4, 6, 24 (Deed of Trust); SAC ¶ 16. A Notice of Default, recorded in the Office of the County on June 28, 2010, states that as of June 25, 2010, plaintiff was $72,346.29 behind in payments on the Property. See Id., Ex. 2 (Notice of Default). Plaintiff filed the instant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6  'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 12, 2016 |
| Title | JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

action on May 13, 2015, dkt. 1, and now seeks to assert the additional claims (described below) in her proposed SAC, filed on January 13, 2016, dkt. 50.

Accordingly, on the face of the SAC, all of plaintiff's additional claims are time-barred, as each claim has a statute of limitations of 4 years or less. See Cal Code Civ. P. § 338(d) (3-year statute of limitations for fraud (claim no. 1) and fraud in the execution (claim nos. 4 and 7)); Cal Code Civ. P. § 337 (4-year statute of limitations for breach of the implied covenant of good faith and fair dealing (claim no. 2)); Cal Code Civ. P. § 338 (3-year statute of limitations for slander of title (claim no. 3)), accruing at the time of discovery); Cal Code Civ. P. § 337(1) (4-year statute of limitations for accounting cause of action (claim no. 5) based on the breach of a written contract), Cal Code Civ. P. § 338(c) (3-year statute of limitations for accounting cause of action (claim no. 5) based on conversion of personal property); see also 3 Witkin, Cal. Proc. 5th (2008) Actions, § 683 (outlining statutes of limitations for accounting causes of action); American Master Lease LLC v. Idanta Partners, Ltd., 225 Cal. App. 4th 1451, 1479 (2014) ("The statute of limitations for breach of fiduciary duty [claim no. 6] is three years or four years, depending on whether the breach is fraudulent or non-fraudulent."); Cal Code Civ. P. §§ 337, 343 (4-year statute of limitations for claim seeking cancellation of the deed of trust, pursuant to sections 23304.1, 23304.1(b) and 23305(a) of the United States Tax Code (claim no. 8); 4-year statute of limitations for violations of the California Corporations Code section 191(c)(7) (claim no. 9)); Cal. Bus. & Prof. C. § 17208 (4-year statute of limitations for violation of California Business and Professions Code §17200, et seq.).

While "a handful of equitable exceptions to and modifications of the usual rules governing limitations periods" exist—including the discovery rule, equitable tolling, fraudulent concealment, continuous violation, or continuous accrual—plaintiff has not, at any point in this proceeding, sufficiently alleged that such equitable exceptions might apply. Aryeh v. Canon Bus. Sols., Inc., 55 Cal. 4th 1185, 1192 (2013). Indeed, plaintiff appears to have been in default since at least 2010, roughly five years before her initiation of this action, and presumably had at least suspicion of Encore Credit's purportedly wrongful conduct well in advance of her filing of the instant action.[5] See Defs.' SDS, et

---

[5] The Court notes that even the discovery rule," which "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6  'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 12, 2016 |
| Title | JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

al.'s Request for Judicial Notice, Ex. 2 (Notice of Default); see Gonzalez on Behalf of Estate of Perez v. JP Morgan Chase Bank, N.A., 2014 WL 5462550, at *5 (N.D. Cal. Oct. 28, 2014) (Chen, J.) (noting that because the "Notice of Default was recorded over six years ago in March of 2008," such that"[b]y that time, [plaintiffs] certainly would have become aware" of the allegedly wrongful conduct giving rise to their claims, equitable exceptions were unlikely to toll the statute of limitations).

Because all of plaintiff's claims against would-be defendant Encore Credit are time barred, granting plaintiff leave to file her second amended complaint would be futile. To the extent plaintiff is attempting to assert any of these additional claims against the originally-named defendants in this action—SPS, NDS, Naiman, and Trustee—plaintiff has not sufficiently alleged any facts in support of these claims regarding the conduct of *these specific defendants*, alleging instead only facts regarding "Encore Credit" and unnamed "Defendants" generally.[6]

---

action," Norgart, 21 Cal. 4th at 397 (citation omitted), does not require "absolute certainty" for a cause of action to accrue, Fox, 35 Cal. 4th at 807. Rather, "suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period." Id. In this context, "elements" refers not to the specific legal elements of the particular cause of action at bar, but rather to the " 'generic' elements of [1] wrongdoing, [2] causation, and [3] harm." Id. (quoting Norgart, 21 Cal. 4th at 397). Thus, even if the discovery rule were potentially to apply, the Court "do[es] not take a hypertechnical approach to [its] application," but rather "look[s] to whether the plaintiffs ha[d] reason *to at least suspect* that a type of wrongdoing ha[d] injured them." Id. (emphasis added). Stated differently, "[o]nce the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights." Jolly v. Eli Lilly & Co., 44 Cal.3d 1103, 1111 (1988).

[6] Plaintiff's final claim is for declaratory relief—specifically, plaintiff "requests that the Court declare the rights of the parties in this matter" and "enforce these rights with the issuance of injunctions or restraining orders as may be necessary to place the parties in their proper position with respect to their interests, if any, in the subject property." SAC ¶ 117. However, for a district court to have subject matter jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6   'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | September 12, 2016 |
| Title | JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC., ET AL. | | |

### V.  CONCLUSION

In accordance with the foregoing, plaintiff's motion for leave to file a second amended complaint is hereby **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

over a claim brought pursuant to the Declaratory Judgment Act, there must be an "actual controversy." See Teva Pharms. USA, Inc. v. Novartis Pharms. Corp., 482 F.3d 1330, 1338 (Fed. Cir. 2007); Multimedia Patent Trust v. Microsoft Corp., 525 F. Supp. 2d 1200, 1218 (S.D. Cal. 2007).  Because all of plaintiff's claims are time barred, for reasons discussed *supra*, these claims cannot give rise to the declaratory relief plaintiff seeks in this action.

Furthermore, although plaintiff also seeks to add an additional defendant—J.P. Morgan Chase Bank—to this action, plaintiff's proposed SAC includes no allegations regarding J.P. Morgan that would support its addition as a defendant.  See SAC ¶ (stating only that "Defendant J.P. MORGAN CHASE BANK is a national banking association, doing business in the County of Los Angeles, State of California and is purported Master Servicer and/or a purported participant in the transfer of interests regarding the subject property.").