| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | April 11, 2017 |
| Title | JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF JOSEFINA GALINDO'S MOTION FOR RECONSIDERATION (Dkt. 68, filed February 16, 2017)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the hearing date of April 17, 2017 is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION & BACKGROUND

On May 13, 2015, pro se plaintiff Josefina Galindo filed this action against defendants Select Portfolio Services, Inc. ("SPS"); National Default Servicing Corp. ("NDS"); Randall Naiman, an attorney; U.S. Bank, N.A., Successor Trustee to LaSalle Bank National Association, on behalf of Bear Stearns Asset Backed Securities I Trust 2007-HE7, Asset-Backed Certificates Series 2007-HE7 ("Trustee"); and Does 1–50, inclusive. Plaintiff's initial complaint asserted claims for (1) various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.; (2) violation of the Rosenthal Fair Debt Collection Act ("Rosenthal Act"), Cal. Civil Code § 1788, et seq.; and (3) "failure to satisfy a condition precedent," which the Court construed as a claim in equity to set aside a wrongful foreclosure sale. See Dkt. 1.

On September 25, 2015, the Court granted without prejudice defendants' motion to dismiss the original complaint, and granted plaintiff leave to file a first amended complaint "addressing the deficiencies identified" in the Court's order. Dkt. 35. With respect to Naiman, the Court found that "[a]side from the complaint's description of Naiman as 'a licensed attorney who routinely acts as a debt collection attorney and claims to be appointed as a foreclosure attorney for U.S. Bank,' the complaint's only other references to Naiman conclusorily stated that he is a 'debt collector' under the FDCPA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | April 11, 2017 |
| Title | JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC. ET AL. | | |

and 'purports to be collecting for another entity, U.S. Bank, N.A.'" Id. at 14–15. As a result, the Court dismissed plaintiff's complaint against Naiman because it was "unclear from the face of the complaint what specific role, if any, Naiman played with respect to the alleged facts underlying plaintiff's claims for unlawful foreclosure and violations of the FDCPA and Rosenthal Act." Id. at 15.

On October 26, 2015, plaintiff filed a First Amended Complaint ("FAC"). Dkt. 36. Without leave of Court, plaintiff's FAC added two new defendants: (1) "Encore Credit" (the original lender) and (2) "all persons or entities unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in this Complaint adverse to Plaintiff's title, or any cloud upon Plaintiff's Title thereto." See FAC (caption page). Plaintiff's FAC re-pled her claim in equity to quiet title and/or set aside a foreclosure sale, but did not reassert her previously-dismissed claims for violations of the FDCPA and Rosenthal Act. The FAC also asserted eleven additional claims, none of which were asserted in the original complaint, alleging that the lien encumbering the Property and the note evidencing her debt should be void because, inter alia, the original lender did not exist under the name listed on the Deed of Trust. See generally FAC.

In an order dated December 15, 2015, the Court dismissed with prejudice all of plaintiff's claims against Naiman because plaintiff again failed to allege any actual legal claims against him. Dkt. 49, at 12–13. The Court also dismissed with prejudice plaintiff's claims against defendants SPS, NDS, and Trustee for violations of the FDCPA and the Rosenthal Act, as well as her claim in equity for quiet title and/or to set aside the trustee's sale for wrongful foreclosure. Id. Finally, the Court dismissed without prejudice plaintiff's eleven additional claims, as plaintiff did not have leave of Court or consent of the parties to file an amended complaint asserting these additional claims or adding additional defendants not named in the original complaint. Id. Because plaintiff expressed at oral argument an intent to amend her complaint to add these additional claims and defendants, the Court instructed plaintiff to file a motion for leave to file a second amended complaint. Dkt. 49, at 13 n.4.

On September 12, 2016, the Court denied plaintiff's motion for leave to file a second amended complaint and dismissed this action with prejudice. Dkt. 56. In her proposed second amended complaint, plaintiff alleged that she "was fraudulently induced to endorse the [Deed of Trust] and Note . . . to a non-existent entity, 'ENCORE CREDIT, a Delaware Corporation,'" because "Encore Credit Corp." was instead a California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | April 11, 2017 |
| Title | JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC. ET AL. | | |

corporation. Dkt. 50, Ex. A ("SAC") ¶¶ 16–20. On that basis, plaintiff alleged that "all transfers, assignments, and substitutions of trustee were fatally defective as a matter of law." Id. ¶ 33. The Court found that the validity of a Deed of Trust (and any subsequent assignments) does not depend on the identity and incorporation of a lender. Order at 9. Therefore, the Court concluded that, "to the extent plaintiff's proposed additional claims aim to challenge the validity of the Deed of Trust and any subsequent assignments based upon how the lender's name appears on the document, these claims must fail." Id. at 10. The Court also found that the additional claims in plaintiff's proposed SAC were time-barred by the relevant statutes of limitations and, as result, leave to amend would be futile. Id. at 13–14.

On August 17, 2016, plaintiff obtained a default judgment from Los Angeles County Superior Court against "Encore Credit." Dkt. 58, Ex. A ("Superior Court Default Judgment"). The Superior Court also "expung[ed]" the Deed of Trust and Promissory Note and quieted title to the property in plaintiff's favor. Id.

On December 19, 2017, plaintiff filed a motion to reopen and correct this Court's judgment denying plaintiff leave to file a second amended complaint. Dkt. 58. Plaintiff attached the Superior Court Default Judgment to her motion. Plaintiff appeared to argue that the Superior Court Default Judgment precluded this Court's September 12, 2016 judgment.

On February 8, 2017, the Court denied plaintiff's motion to reopen and correct the September 12, 2016 order. Dkt. 66. The Court concluded that the Superior Court Default Judgment had no preclusive effect with respect to defendants because (1) "Encore Credit" was the only defendant named in the Superior Court action; (2) defendants—who had no notice of plaintiff's Superior Court Action—did not have a "full and fair opportunity" to litigate plaintiff's claims in Superior Court; and (3) the Court's September 12, 2016 ruling was binding pursuant to the "last in time" rule. Id. at 6–7.

On February 16, 2017, plaintiff filed the instant motion for reconsideration of the Court's February 8, 2017 order. Dkt. 68 ("Motion"). On March 27, 2017, defendants SPS, NDS, and Trustee filed their opposition. Dkt. 69. Plaintiff filed her reply on April 3, 2017. Dkt. 70.

Having carefully considered the parties arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | April 11, 2017 |
| Title | JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC. ET AL. | | |

## II.   LEGAL STANDARDS

Under Federal Rule of Procedure 60(b), the court may grant reconsideration of a final judgment and any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "Of course, in any 'newly discovered evidence' situation there is the vital discretion element in which the Judge inescapably has to measure the impact of the 'new' against the whole record." Laguna v. Royalty Co. v. Marsh, 350 F.2d 817, 824 n.13 (5th Cir. 1965). Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond [her] control that prevented [her] from proceeding with the action in a proper fashion." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006). Any Rule 60(b) motion must be brought within a reasonable time and no later than one year after entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1). "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court[.]" Casey v. Albertson's Inc., 362 F.3d 1254, 1257 (9th Cir. 2004).

Under Central District Civil Local Rule 7-18, "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." See C.D. Cal. L.R. 7-18.

## III.   DISCUSSION

In the instant motion, plaintiff once again argues that the Deed of Trust is invalid because Encore Credit did not exist at the time it made her loan. Motion at 5, 9–14. This is precisely the same argument that plaintiff advanced, and that the Court rejected, in plaintiff's motion for leave to file a second amended complaint. See dkt. 56. Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  **'O'**

| Case No. | 2:15-cv-03582-CAS(AGRx) | Date | April 11, 2017 |
|---|---|---|---|
| Title | JOSEFINA GALINDO v. SELECT PORTFOLIO SERVICING, INC. ET AL. | | |

does not challenge, or even address, the Court's findings and conclusions with respect to res judicata in the February 8, 2017 order. Accordingly, the Court finds that plaintiff fails to present any grounds for reconsideration under Rule 60(b) or Local Rule 7-18.

## IV.  CONCLUSION

In accordance with the foregoing, plaintiff's motion for reconsideration of the Court's February 8, 2017 judgment is **DENIED**.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |